IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PABLO SAVEDRA,

    Plaintiff,

v.                                  No. CIV 08-166 RB/LFG

**CIBOLA COUNTY ASSESSOR'S OFFICE,
PAULINE CHAVEZ, DAVID ULIBARRI, and
THERESA GARCIA, in their individual and
official capacities,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. 5), filed on February 25, 2008. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1367. This matter was removed to this Court pursuant to 28 U.S.C. § 1441, *see Doc. 1,* and is before the Court on Defendants' motion to dismiss certain claims under Fed. R. Civ. P. 12(b)(6), *see Doc. 5.*[1] Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I find that this motion should be granted. For the reasons below, I grant the motion in part and deny it in part.

**I.    Standard**.

Defendants recite a litany of facts that are not contained in pleadings and are neither supported by document nor affidavit. *See Doc.* at 1-6. Yet, it is plain that they have no desire to convert their motion into one for summary judgment, and cite the "well settled" standard for deciding a motion under Rule 12(b)(6). *Id.* at 6.

Those standards require that "we must accept as true all well-pleaded facts, and

---

[1] The docket entry for this document incorrectly lists Plaintiff as one of the movants, and fails to list Defendant Garcia as one of the movants. *See Doc. 5* at 1. The Clerk is directed to correct those oversights.

> construe all reasonable allegations in the light most favorable to the plaintiff." *United States v. Colo. Supreme Court,* 87 F.3d 1161, 1164 (10th Cir. 1996). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted).

*Sunrise Valley, LLC v. Kempthorne,* ___ F.3d ___, ___, 2008 WL 2097399 at * 3 (10th Cir. 2008).[2] The Court "look[s] for plausibility in the *complaint.*" *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1970 (2007))(emphasis added; internal quotations and edits omitted). The unsupported "background" facts cited by Defendant are irrelevant for the purposes of this motion and have not been considered by me.

The motion is only for partial dismissal since Defendants do not move to dismiss all of the claims. Their motion is directed to Plaintiff's federal substantive due process claim and the state law claims for breach of contract, good faith/fair dealing, and defamation.

## II. Plaintiff's Allegations.

The relevant facts are contained in the document entitled "Amended Notice of Appeal And First Amended Complaint For Damages," filed in state court on January 31, 2008. *See Doc. 2-2* at 1-13 (herein "Complaint"). Plaintiff worked for the Cibola County Assessor's Office ("County") over a period spanning from October 2000 to June 2005. The individual defendants were employed with the County in supervisory capacities to Plaintiff. He alleges that he was wrongfully terminated in October 2004 based on false accusations and a desire on the part of Defendant Chavez to "get rid"

---

[2] Defendants contend that under *Hall v. Bellmon,* 935 F.2d 1106 (10th Cir. 1991), conclusory factual allegations and legal conclusions need not be accepted as true. The *Hall* decision pertains to *pro se* pleadings, which are given a more liberal construction than documents drafted by counsel. I need not address *Hall's* applicability to a counsel-drafted complaint such as the one before me because Defendants, in fact, "disregard[] Plaintiff's broad, sweeping legal conclusions and conclusory allegations" and focus only on the "well-pled factual allegations in Plaintiff's Complaint," arguing that these "simply do not support Plaintiff's claims." *Doc. 5* at 6.

of him.  He asserts that, in terminating him, Defendants failed to follow their own policies and procedures and that after he was rehired in December 2004, he was wrongfully deprived of back pay and benefits.  In addition, he was harassed to such a degree that his leaving in June 2005 amounted to a constructive discharge.  He maintains that, after leaving, Defendants have tried to defame and slander him with false allegations of sexual and criminal misconduct.  *See id.* at 3-6.

Plaintiff's Complaint raises five federal claims and four state claims, some asserted together under the same count heading.  Both Plaintiff and Defendant either misnumbered or mis-cited the count heading in their pleadings.[3]  To clarify, the separate claims are:

(1) ***reverse*** gender discrimination[4] by the County in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), *see Complaint* at 6-7(Count I);

(2) breach of the implied covenant of good faith and fair dealing by the County in violation of Title VII, *see id.* at 9-10 (Count IV);

(3) violation of the right to equal protection by all defendants under 42 U.S.C. §

---

[3] *See, e.g., Complaint* at 10 (Count "VI" mislabled as "Count VII"); *Doc. 5* at 1, 6 (citing the "Amended Notice . . ." etc. as the operative document, but then asserting the good faith/fair dealing and defamation counts are "Counts II and IV" when in fact they are labeled "IV" and "V," respectively.

[4] The fact that Plaintiff is a male, who happens to be Hispanic, does not excuse him from the higher *prima facie* burden for reverse gender discrimination under Title VII as required by the Tenth Circuit's decision in *Hudspeth v. Denver Water Dept.,* 1998 WL 141976 at *1 (10th Cir. 1998), which states:

> Plaintiff argues that the district court erred in applying the modified prima facie case requirements for claims of reverse discrimination, *see Notari,* 971 F.2d at 589, because he is a black male and is, therefore, entitled to the presumptions accorded to those belonging to a disfavored group.  Plaintiff offers no authority in support of this novel proposition, and we have found none.  Plaintiff's gender discrimination claim is based on his gender, and he is a member of the historically favored majority with regard to gender. . . . The two claims, race discrimination and sex discrimination, are separate claims, and the circumstances that determine the analysis to be applied to each claim do not overlap.  *Cf. Reynolds,* 69 F.3d at 1534 (applying *Notari* reverse discrimination requirements for prima facie case in case involving race discrimination claim by white female); *Sanchez v. Philip Morris Inc.,* 992 F.2d 244, 248 (10th Cir. 1993) (applying reverse gender discrimination prima facie case analysis to gender discrimination claim of Hispanic male).  The district court was correct to apply the modified reverse discrimination analysis to plaintiff's claim of sex discrimination.

*Hudspeth.,* 1998 WL 141976 at *1.

1983, *see id.* at 7-8 (Count II);

(4) violation of substantive due process by all defendants under 42 U.S.C. § 1983, *see id.* at 10-11 (misnumbered Count VII – should be Count VI);

(5) violation of procedural due process by all defendants under 42 U.S.C. § 1983, *see id.;*

(6) gender discrimination[5] by the County in violation of the New Mexico Human Rights Act, N.M. Stat. Ann. § 28-1-7, *see id.* at 6-7 (Count I);

(7) breach of contract by the County in violation of state common law, *see id.* at 8-9 (Count III);

(8) breach of the implied covenant of good faith and fair dealing by the County in violation of state common law*, see id.* at 9-10 (Count IV); and

(9) defamation by all defendants in violation of state common law, *see id.* at 10 (Count V).

**III.   Analysis**.

   *A.     Plaintiff's Allegations Fail to State a Substantive Due Process Claim*.

Plaintiff claims that the above conduct violates substantive due process because it was an outrageous abuse of governmental power and "could very likely shock the conscience of federal judges." *Doc. 7* at 8; *see also Complaint* at 10-11. While this argument recites the core of a substantive due process claim, my view of the level of outrageousness is neither the entire inquiry nor legally sufficient to survive a motion to dismiss.

The fact that a defendant "intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power" is not enough. *Moore v. Guthrie,* 438 F.3d 1036, 1040 (10th Cir.

---

[5] I have found no decision where the New Mexico courts adopted the *Notari* heightened burden for claims of gender discrimination against males under the New Mexico Human Rights Act. *See, e.g., Sonntag v. Shaw,* 22 P.3d 1188, 1196 (N.M. 2001) (refusing to adopt test announced by Tenth Circuit decision and standards under the Equal Pay Act because "[b]arring our express adoption of them, these federal tests do not control our interpretation of a New Mexico state statute. *See Smith,* 109 N.M. at 517, 787 P.2d at 436, [which] refus[ed] to bind New Mexico law to interpretations of federal law made by federal courts . . . . Again, federal law does not control our interpretation of the NMHRA. ").

2006) (internal quotations omitted) (quoting from *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 528 (10th Cir. 1998) and *Uhlrig v. Harder,* 64 F.3d 567, 574 (10th Cir. 1995), *cert. denied,* 516 U.S. 1118 (1996)).  The constitutional protection does not duplicate the protection afforded by ordinary civil tort law, and federal courts are to exercise restraint in defining conduct that is actionable under substantive due process.  *See, e.g., Williams v. Berney,* 519 F.3d 1216, 1220 (10th Cir. 2008) (substantive due process "protections apply to transgressions above and beyond those covered by the ordinary civil tort system; the two are not coterminous"); *Moore,* 438 F.3d at 1040-41 (courts "must bear in mind three basic principles highlighted by the Supreme Court . . . the need for restraint . . . the concern that § 1983 not replace state tort law . . . the need for deference to local policymaking bodies in making decisions impacting upon public safety").  The standard is "rigorous" and the hurdle Plaintiff must clear is "high."  *Becker v. Kroll,* 494 F.3d 904, 923 (10th Cir. 2007).

Ordinarily, substantive due process claims are recognized in the limited areas of marriage, family, procreation, and bodily integrity.  *E.g., Williams,* 519 F.3d at 1220 (citing *Albright v. Oliver,* 510 U.S. 266, 272 (1994)).  Where, as here, other federal and state causes of action address the very same conduct, it is not appropriate to allow a substantive due process claim to go forward.  *See, e.g., Williams,* 519 F.3d at 1225; *Becker,* 494 F.3d at 923; *Moore,* 438 F.3d at 1041.  Moreover, the Supreme Court has not extended substantive due process to the workplace and in fact "held that substantive due process was not a guarantor of workplace safety."  *Moore,* 438 F.3d at 1040.  And, in a case factually analogous to this one, the District of Kansas held that the plaintiff had

> alleged merely harm to his reputation and loss of employment, neither of which implicate matters traditionally afforded substantive due process . . . .  Even if [Plaintiff] had alleged a substantive due process violation, he had not set forth facts that defendants' actions were arbitrary and conscience shocking.  He has alleged that [they] "knowingly, willfully and maliciously" made false and untrue statements

5

regarding his job performance and criminal conduct. But, something more than intentional or reckless conduct is necessary to state a substantive due process claim. [He] has not alleged conduct that is so egregious as to shock the conscience of this Court. Thus, [his] substantive due process claim fails as a matter of law [and was dismissed under 12(b)(6)].

*Hughes v. Keath,* 328 F. Supp. 2d 1161, 1166 (D. Kan. 2004).[6]

I concur with this analysis and find that to allow Plaintiff to "rest [his] claims on the undefined contours of substantive due process would only introduce uncertainty and analytical confusion to an already unwieldy body of law." *Becker,* 494 F.3d at 923.[7] Accordingly, Plaintiff's substantive due process claim, labeled "Count VII," as it appears at pages 10 and 11 of the Complaint, is dismissed.

### B. The Breach of Contract Claim Is Untimely

The applicable statute of limitations is also a governmental immunity provision and provides in full:

§ 37-1-23.  Contractual liability; statute of limitations.
A.  Governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract.
B.  Every claim permitted by this section shall be forever barred unless brought within two years from the time of accrual.

N.M. Stat. Ann. § 37-1-23.

Plaintiff does not dispute that this is the applicable statute of limitations for breach of

---

[6] *See also Dixon v. Regents of Univ. of New Mexico,* 2000 WL 1637557 at * 4 (10th Cir. 2000) ("Here, the University's decision to dismiss Ms. Dixon was a product of ordered professional judgment and was not shocking, arbitrary, or irrational in any way. Accordingly, she was not denied substantive due process."), *cert. denied,* 532 U.S. 923 (2001); *c.f., Clinger v. New Mexico Highlands Univ., Bd. of Regents,* 215 F.3d 1162, 1167-68 (10th Cir. 2000) (in denying substantive due process claim that denial of tenure was arbitrary and capricious, noting that the "Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.") (internal quotations and citation omitted), *cert. denied,* 531 U.S. 1145 (2001).

[7] Furthermore, as in *Becker,* given the dearth of binding precedent in the area of employment decisions, qualified immunity would likely apply. *Becker,* 494 F.3d at 923, n. 12; *see also supra,* note 6.

contract claims against a governmental entity or that the latest his claim accrued was June 2005, when he was allegedly constructively discharged. *See Doc. 5* at 8; *Doc. 7* at 6-7. Plaintiff instead asserts that he did not commence suit until more than four months after the statute ran because he was waiting for the New Mexico Human Rights Division to finish its investigation. *See Doc. 7* at 7.[8] As Defendants observe, however, the claims of breach of contract and gender discrimination are distinct, and "Plaintiff was not obligated to wait for a right to sue letter . . . before moving forward with his claim of alleged breach of contract." *Doc. 14* at 6.

Plaintiff has not cited, nor have I found, any decision that holds a proceeding under the New Mexico Human Rights Act tolls the statute of limitations for common law claims. Indeed, Plaintiff had the option of requesting a "trial de novo in the district court in lieu of a hearing before the commission" within sixty days of the probable cause determination and, if so, the "director shall approve the waiver request." N.M. Stat. Ann. § 28-1-10(J). Accordingly, Plaintiff's breach of contract claim against the County, labeled "Count III," as it appears at pages 8 and 9 of the Complaint, is dismissed.

### C.     *New Mexico Tort Claims Act.*

New Mexico recognizes a claim for breach of implied contract for government employees that can sound both in contract and tort, and it is not entirely clear which of these theories Plaintiff is pursuing. If the action sounds in contract, which Plaintiff is arguing in his response by his citation to the *Whittington* case among others, the claim can go forward under the § 37-1-23 waiver of governmental immunity, but it is also time-barred by the two-year limitation imposed by that statute.

---

[8] Plaintiff asserts that the Division "found probable cause that Plaintiff was discriminated against by Defendant, and then set a formal hearing before the New Mexico Human Rights Commission." *Doc. 7* at 7. In fact, however, on July 16, 2007, the Commission found Plaintiff *failed* to establish his claim of gender discrimination and dismissed the action with prejudice. *See Doc. 2-2* at 14.

7

*See Doc. 7* at 6-7.[9]

If the action sounds in tort, it is clear that the New Mexico Tort Claims Act does not apply to contract cases, implied or express. *See* N.M. Stat. Ann. §§ 41-4-3 - 41-4-14. Nevertheless, the inapplicability of the New Mexico Torts Claim Act does not resolve the question, since implied contract or "good faith and fair dealing" claims are analyzed separately from the Act. *See Henning v. Rounds,* 171 P.3d 317, 322-24 (N.M. App. 2007) (complaints of mistreatment amounting to retaliation, fraud, conspiracy, defamation, interference with employment contract, and breach of the covenant of good faith and fair dealing; court held the "tort claims" were barred by the New Mexico Tort Claims Act, but the good faith and fair dealing claim was analyzed separately from the Act). In addition, cases in this District and Circuit note that the species of "tort" raised by the implied contract claim is the same thing as an assertion of "wrongful discharge."[10] Wrongful discharge claims are covered by § 1983 and the New Mexico Human Rights Act, which collectively allow

---

[9] *See also Garcia v. Middle Rio Grande Conservancy Dist.,* 918 P.2d 7, 11 (N.M. 1996) ("we address whether Section 37-1-23(A), which waives governmental immunity in cases involving valid written contracts, incorporates an implied employment contract that includes written terms as set forth in a personnel policy. We hold that it does."); Whittington v. State Dept. of Pub. Safety, 100 P.3d 209, 214-15 (N.M. App. 2004) ("in concluding that the Manual is a written contract for purposes of Section 37-1-23(A), we are mindful of the policy reasons set out in *Garcia* supporting the requirement of a valid written contract to waive immunity for contract actions against the state. One reason 'stems from the fact that governmental entities cannot enter contracts that would either curtail their authority or otherwise fall outside of their designated powers'; and when parties 'evidence[ ] their agreement in writing, courts may more easily determine whether the agreement is a 'valid' contract worthy of enforcement.' . . . Defendants argue that even if there is an implied employment contract, only those implied employment contracts that serve to preclude at-will termination can be considered valid written contracts for purposes of waiving the State's immunity from suit under Section 37-1-23(A). We do not read New Mexico law so narrowly").

[10] *E.g., Watson v. Blankinship,* 20 F.3d 383, 387 (10th Cir. 1994) ("New Mexico recognizes a cause of action for breach of covenant of good faith and fair dealing, which is recognized as both a contract cause of action and *a tort equivalent to wrongful discharge*. . . . The district court correctly ruled that, as a matter of law, these two Appellees can bring the breach of covenant claim in both contract and tort. . . . Appellees are claiming this was an implied contract of employment, not at-will; therefore, the breach of covenant claim is based in contract, flowing from the alleged employment contract. *A breach of implied covenant of good faith and fair dealing can also be brought in tort as it is equivalent to the tort of wrongful discharge. Salazar v. Furr's, Inc.,* 629 F.Supp. 1403, 1409 (D. N.M. 1986). Pleading the breach of implied contract action together with an alternative claim of breach of covenant of good faith and fair dealing in tort and contract was proper.") (emphasis added).

8

recovery on theories of gender discrimination, retaliation, hostile work environment, constructive discharge, and certain procedural due process claims. *See, e.g., Ulibarri v. State of New Mexico Corrs. Academy*, 131 P.3d 43, 48-50 (N.M. 2006); *Trotter v. Regents of Univ. of New Mexico,* 219 F.3d 1179, 1185 (10th Cir. 2000). Most of these claims are not the subject of Defendants' motion, and there is no contention that the New Mexico Tort Claims Act bars these theories of recovery. Thus, while duplicative claims may not ultimately be actionable, the implied contract claim is not subject to dismissal on the New Mexico Tort Claims Act basis urged by Defendants.

The defamation claim cannot be dismissed at this juncture for a different reason. The defamation claim is brought against all defendants. Therefore, even assuming the claim is not actionable against the County under the New Mexico Tort Claims Act, it is possible that the action can proceed against the individual defendants if their conduct fell outside the scope of duty. *See, e.g., Vigil v. State Auditor's Office,* 116 P.3d 854, 858-59 (N.M. App.), *cert. denied*, 117 P.3d 952 (N.M. 2005). That issue has not been briefed.

Finally, Plaintiff has not had the opportunity to address the arguments Defendants raise in their reply concerning (1) the suggestion that § 1983 does not allow recovery on theory entitled "implied contract," and (2) that the defamation claim is not actionable under § 1983 because it fails one of the prongs of the test. Although Plaintiff has not requested leave to file a surreply, I will not address these inadequately-briefed claims at this juncture. *See Doc. 14* at 3-4.

**WHEREFORE,**

    **IT IS HEREBY ORDERED THAT:**

    1.    The Clerk correct the docket entry for Document 5 to reflect that Plaintiff is not a movant and Defendant Garcia is one of the movants;

    2.    Defendants' motion to dismiss (Doc. 5) is GRANTED IN PART AND DENIED IN PART;

3. Plaintiff's substantive due process claim, labeled "Count VII," as it appears at pages 10 and 11 of the Complaint, is DISMISSED;

4. Plaintiff's breach of contract claim against the County, labeled "Count III," as it appears at pages 8 and 9 of the Complaint, is DISMISSED;

5. Insofar as Plaintiff's "implied contract" claim, labeled "Count IV," as it appears at pages 9-10 of the Complaint, is based on a contract theory of recovery it is DISMISSED as an independent claim, but insofar as the allegations therein sound in tort, they are part of the other wrongful discrimination claims and are not dismissed; and

6. Defendants' motion to dismiss the defamation and implied contract claims as a basis for recovery under § 1983 is DENIED AT THIS JUNCTURE without prejudice to the right to renew the argument later.

*[signature]*

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**